UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BENJAMIN MITCHELL,

    Plaintiff,

    v.

K & G MEN'S COMPANY, INC.,

    Defendant.

CASE NO. C05-1859RSM

ORDER GRANTING MOTION FOR REMAND

    This matter is now before the Court for consideration of plaintiff's motion for remand. Although defendant has opposed the motion, the Court finds, for the reasons set forth below, that remand is appropriate, and grants plaintiff's motion.

    Plaintiff filed this action in King County Superior Court, alleging causes of action for wrongful discharge and violation of the Washington Law Against Discrimination, RCW 49.60. No claim is asserted under federal employment discrimination laws. Defendant, a Delaware corporation, removed the case to this Court solely on the basis of the parties' diversity, pursuant to 28 U.S.C. § 1332 and § 1441(a). Plaintiff has moved for remand to state court, contending that defendant has not shown that the amount in controversy exceeds the jurisdictional amount of $75,000.

    The complaint itself does not specify a particular amount of damages; plaintiff instead requests an unspecified amount for back pay and interest, front pay or reinstatement, damages for emotional distress,

ORDER GRANTING MOTION FOR
REMAND - 1

and attorney's fees and costs.  In the Notice of Removal, defendant asserts a "good faith belief" that plaintiff is seeking more than $75,000 in damages.  However, in moving for remand, plaintiff asserts that his total economic damages to date are only $38,000.  While defendant contests this assertion as "coy" and "disingenuous", it has provided no evidence that the amount in controversy is actually greater than $75,000.

When the plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional amount.  *Sanchez v. Monumental Life Insurance Company*, 102 F. 3d 398, 404 (9th Cir. 2002).   To carry this burden, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds $75,000.  *Id*.  Application of the "preponderance of evidence" test "strikes '[t]he proper balance between a plaintiff's right to choose his forum, and a defendant's right to remove, without unnecessarily expanding federal diversity jurisdiction.'" *Id*. (quoting *Tapscott v. MS Dealer Services Corp.*, 77 F. 3d 1353, 1357 (11th Cir. 1996)).

Defendant has provided calculations as to plaintiff's possible damages for back pay as of the date of trial (as set by the state court).  This amount is purely speculative and does not constitute evidence to establish that it is more likely than not that plaintiff's damages are that great.  Defendant has also provided a declaration of counsel that, in her experience, plaintiffs who succeed in their cases brought under RCW 49.60 "always request the court to award more than $75,000 in attorney fees." Declaration of Susan Stahlfeld, ¶ 5. This statement is not probative of the amount in controversy between these parties at this time.

Where, as here, an underlying statute authorizes an award of attorneys' fees, "such fees **may** be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (emphasis added).   However, the courts of this circuit have disagreed as to whether attorneys' fees earned after the date of removal are properly included in the amount in controversy.  *Burk v. Medical Savings Insurance Company*, 348 F. Supp. 1063, 1068 (D.Ariz. 2004) (collecting cases).

ORDER GRANTING MOTION FOR REMAND - 2

1  Plaintiff asserts that at this time his attorneys' fees are no more than $2500.[1]   In light of the discretionary
2  language allowing, but not mandating, inclusion of attorneys' fees, and the disagreement among the
3  courts of this circuit as to whether attorneys' fees likely to be incurred after the date of removal may even
4  be included, the Court declines to view defense counsel's declaration as evidence sufficient to establish
5  that plaintiff's damages are, more likely than not, over $75,000.

6      There is a strong presumption against removal jurisdiction.  *Id.*, *citing Gaus v. Miles, Inc.*, 980 F.
7  2d 564, 566 (9th Cir. 1992).  Any doubts regarding the right to removal must be resolved in favor of
8  remand back to state court.  *Matheson v. Progressive Specialty Insurance Company*, 319 F. 3d 1089,
9  1090 (9th Cir. 2003).   Here, it is not evident from the face of the complaint that plaintiff's damages
10 exceed $75,000, and defendant has failed to establish, by a preponderance of the evidence, that plaintiff's
11 damages exceed that amount.  Accordingly, plaintiff's motion for remand is GRANTED, and this case is
12 hereby REMANDED to the King County Superior Court, Cause No. 05-2-33662-5KNT.

13      The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the
14 King County Superior Court.

16      DATED this 9th day of December, 2005.

19                                  RICARDO S. MARTINEZ
20                                  UNITED STATES DISTRICT JUDGE

---

[1] Although counsel did not provide this figure by separate sworn declaration, his signature on the Reply in which this statement is made is sufficient to establish this fact.

ORDER GRANTING MOTION FOR
REMAND - 3